ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
NOEL E. EIDSMORE
Nevada Bar No. 7688
Noel.Eidsmore@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
    Attorneys for Defendants
    Las Vegas Metropolitan Police
    Department, Detective Reggie Rader
    and Lt. Bobby Smith

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

***

| | |
|---|---|
| JAMES KIESSLING,<br><br>    Plaintiff,<br><br>vs.<br><br>DET. RADER P#6099, individually and as a police officer employed by the Las Vegas Metropolitan Police Department; LT. B. SMITH, individually and as a police officer employed by the Las Vegas Metropolitan Police Department; and LAS VEGAS METROPOLITIAN POLICE DEPARTMENT, a Political Subdivision of the State of Nevada, inclusive,<br><br>    Defendants. | CASE NO. 2:16-cv-0690-GMN-NJK<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

    Plaintiff James Kiessling, by and through his counsel of record, Paola Armeni, Esq. and Kory L. Kaplan, Esq. of GENTILE CRISTALLI, MILLER ARMENI & SAVARESE and Las Vegas Metropolitan Police Department, Detective Reggie Rader and Lt. Bobby Smith, by and through their counsel of record, Robert W. Freeman, Esq. and Noel E. Eidsmore, Esq., of LEWIS BRISBOIS BISGAARD & SMITH hereby agree and stipulate as follows:

    1.    The parties enter into this Stipulated Confidentiality Agreement and Protective Order under Federal Rule of Civil Procedure 26(c) to establish procedures for the handling of

4827-9321-6059.1

documents produced by the parties in response to discovery requests.

2. Any party may designate and mark certain documents produced in response to discovery requests as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." The party designating such documents shall be referred to as the Designating Party and any party in receipt of such documents shall be referred to as the Receiving Party. Documents so marked may be used only for purposes of this litigation.

3. Except as otherwise ordered by this Court, documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" and the contents of documents so marked may be disclosed only to the parties, including employees and agents of Clark County necessary for the purposes of this litigation, and the following persons:

(a) counsel of record for Plaintiff;

(b) counsel of record for Defendants;

(c) the non-technical and clerical staff employed by counsel of record;

(d) interpreters and copying services employed by counsel of record's employer to the extent reasonably necessary to render professional services in this case;

(e) any private court reporter retained by counsel for depositions in this case;

(f) persons retained by counsel to serve as expert witnesses or consultants in this case (upon execution of the Acknowledgment governing this Protective Order); and

(g) personnel of the Court, including court reporters, officials and employees of the Clerk of Court, and staff of the presiding United States District Judge and United States Magistrate Judge, to the extent deemed necessary by the Court.

4. If counsel for a Receiving Party determines that it is necessary to disclose any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any persons other than the individuals included in paragraph 3, that counsel shall set forth the grounds for the disclosure and seek the written consent of counsel for the Designating Party. The Designating Party shall respond to the Receiving Party's request within seven calendar days unless the Receiving Party agrees to a longer period. If counsel for the Designating Party does not consent, counsel for the Receiving Party and counsel for the Designating Party shall within five

1  court days of the Designating Party's response meet and confer in person or telephonically
2  regarding the issue, during which meeting and conference counsel for the Receiving Party shall
3  specify the reasons why disclosure is necessary. If any agreement is not reached, the Designating
4  Party shall move the Court within the ten calendar days of the meeting and conference for a
5  protective order preventing disclosure. The Receiving Party shall not disclose the document unless
6  the Designating Party has failed to file a motion within the time allowed or the Court has denied
7  the motion.

8         5.      Any party may object to the propriety of the designation of documents as
9  "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" by objecting and setting forth in
10 writing the grounds for the objection. The Designating Party shall respond to the Receiving
11 Party's objection within seven calendar days unless the Receiving Party agrees to a longer period.
12 If an agreement is not reached, counsel for the Receiving Party and counsel for the Designating
13 Party shall within five court days of the Designating Party's response meet and confer in person or
14 telephonically, during which meeting and conference counsel for the Receiving Party shall specify
15 the grounds for objection with respect to each document at issue. If the parties cannot agree, then
16 the Designating Party will then have ten calendar days after the conference of counsel to file a
17 motion to preserve the confidentiality designation. The burden of proof to demonstrate
18 confidential treatment of any information at all times remain with the Designating Party. The
19 parties shall treat the documents as the subject to this Stipulation and Order unless the Designating
20 Party has failed to file a motion within the time allowed or the Court has denied the motion.

21        6.      Before disclosing any document marked "CONFIDENTIAL" or "SUBJECT TO
22 PROTECTIVE ORDER" to any person identified in subparagraph (c) of paragraph 3, counsel of
23 record for the Receiving Party shall advise that person of the terms of this Stipulation and
24 Protective Order and that he or she is bound by those terms. In addition, before disclosing any
25 document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" to any person
26 identified in subparagraphs (d), (e), or (f) of paragraph 3, counsel for the Receiving Party shall
27 ensure that the person (1) has read and agrees to the terms of this Protective Order and (2) has
28 acknowledged his or her agreement by signing a copy of the attached Acknowledgment before any



4827-9321-6059.1                                   3

such document is disclosed to him or her:

ACKNOWLEDGMENT

I have read the Stipulation and Protective Order Governing Documents Produced by the Parties in this case. I understand its terms and agree to be bound by the terms of the Protective Order. I understand that my duties under the Protective Order will survive the termination of this case and that failure to comply with its terms may result in the District Court imposing sanctions on me. I consent to personal jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the Protective Order.

7. Counsel for each party shall retain copies of the Acknowledgment forms executed by persons authorized for access on behalf of that party until this litigation, including all appeals, concludes. Nothing in this Protective Order restricts the Designation Party's own disclosure of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

8. Any person receiving access to a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" shall maintain the document, any copies of the document, and any information derived from the document in a confidential manner and shall take steps to avoid disclosure to persons not authorized under this Order to have access to the documents or information.

9. Within thirty days of the conclusion of this litigation, including all appeals, counsel for the Receiving Party shall destroy or send to counsel for the Designating Party all copies of documents marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of each document filed with the Court that contains or refers to any of the designated documents. Furthermore, nothing in this paragraph shall be construed to require the parties' attorneys to disclose any attorney work-product to opposing counsel.

10. In connection with a deposition in this case, a witness or any counsel may indicate that a question or answer refers to the content of a document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER." If the indication occurs on the record during the deposition, all persons not authorized to review such documents shall leave the deposition room

4827-9321-6059.1                                    4

until completion of the answers referring to the document and the reporter shall mark the transcript of the designated testimony "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

11. This Order does not seal court records in this case or apply to disclosure of Protected Material at trial. If any party wishes to submit into the written record of this case any document marked "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER" or excerpts from any such document, that party shall seek to submit the document under seal. Further, the parties understand that documents may be filed under seal only with the permission of the Court after proper motion. Further, the fact that documents have been designated as "CONFIDENTIAL" shall not be admissible evidence that the documents in fact contain information entitled to protection from disclosure under the law.

Any party wishing to use any Confidential Information in any document filed with the Court, shall do so pursuant to and governed by the requirements set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

12. Nothing in this Stipulation and Protective Order prevents any party from challenging any assertion of privilege by any party, and nothing in this Stipulation and Protective Order constitutes a waiver of any assertion of privilege by any party or precludes any party from

…

…

…

…

…

…

…

…

…

…

…

…



moving for consideration of information ex parte and in camera.

13. Anyone found to be in violation of this Order may have sanctions imposed against them.

DATED this __ day of November, 2016.

LEWIS BRISBOIS BISGAARD & SMITH

*/s/ Robert W. Freeman, Jr.*
Robert W. Freeman, Jr., Esq.
Nevada Bar No. 3062
Noel E. Eidsmore, Esq.
Nevada Bar No. 7688
6385 S. Rainbow Blvd., Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendants
Las Vegas Metropolitan Police Department,
Detective Reggie Rader
and Lt. Bobby Smith

DATED this ___ day of November, 2016.

GENTILE CRISTALLI, MILLER ARMENI, SAVARESE

*/s/ Paola M. Armeni*
Paola M. Armeni, Esq.
Nevada Bar No. 8357
Kory L. Kaplan, Esq.
Nevada Bar No. 13164
410 S. Rampart Blvd., Suite 420
Las Vegas, Nevada 89145
Attorneys for Plaintiff
James Kiessling

**ORDER**

IT IS SO ORDERED.

DATED November 8 _____, 2016.

_____
U.S. MAGISTRATE JUDGE

4827-9321-6059.1

6

# ACKNOWLEDGMENT

I, _____, have read the foregoing **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** and state as follows:

    1.    I am a qualified person pursuant to Paragraph 3;

    2.    I agree to the receipt of confidential information; and

    3.    I agree to follow the terms and conditions of said Stipulated Confidential Agreement and Protective Order as to the confidentiality of any and all documents so marked.

Dated this _____ day of _____, 2016.

Sign Name: _____

Print Name: _____

SUBSCRIBED and SWORN to before me this _____ day of _____, 2016.

_____
NOTARY PUBLIC in and for the
State of Nevada