1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10    JAMES KIESSLING,                                )
                                                     )        Case No. 2:16-cv-00690-GMN-NJK
11                         Plaintiff(s),             )
                                                     )        ORDER
12    vs.                                            )
                                                     )        (Docket No. 26)
13    DET. RADER P#6099, et al.,                     )
                                                     )
14                         Defendant(s).             )
                                                     )
15    _____   )

16          Pending before the Court is Plaintiff's motion to compel discovery.  Docket No. 26.  Defendants

17    filed a response in opposition, and Plaintiff filed a reply.  Docket Nos. 30, 31.  The Court finds the

18    motion properly decided without a hearing.  *See* Local Rule 78-1.  For the reasons discussed below, the

19    motion to compel is hereby **GRANTED** in part and **DEFERRED** in part.  With respect to the aspects

20    of the motion to compel that are granted below, Defendants shall produce the subject documents by

21    March 3, 2017.

22    **I.     MOTION TO COMPEL**

23          **A.     Standards**

24          When a party fails to provide requested discovery, the requesting party may move to compel that

25    discovery.  *See* Fed. R. Civ. P. 37(a).  "[B]road discretion is vested in the trial court to permit or deny

26    discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).  Parties are permitted to seek

27    discovery of any nonprivileged matter that is relevant and proportional to the needs of the case.  Fed.

28    R. Civ. P. 26(b)(1).  The party seeking to avoid discovery bears the burden of explaining why discovery

should be denied.  *See, e.g.*, *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to the discovery rules).

### B.   Internal Affairs Discovery

Defendants resist the production of documents related to internal affairs findings on the ground that such documents are subject to the official information privilege.  Docket No. 30 at 3-5; *see also* Docket No. 30-1 at 2 (asserting that LVMPD invokes this privilege "in regard to Internal Affairs ('IA') documents Plaintiffs [sic] requested through discovery").[1]  Federal courts recognize a qualified privilege for official information, into which courts incorporate the confidentiality interests embodied in some state law privileges.  *Hooks v. Bannister,* 2014 WL 6772989, at *6 (D. Nev. Dec. 2, 2014). Several courts have explained that, as a threshold matter, "the party asserting the privilege is required to submit a declaration or affidavit under oath and penalty of perjury from the head of the department that has control over the information." *Carrillo v. Las Vegas Metro. Police Dept.*, 2013 WL 592893, at *3 (D. Nev. Feb. 14, 2013) (collecting cases).  Such an affidavit must include:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interest, and (5) a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Id.*

Defendants' invocation of this privilege fails from the start.  The affidavit submitted does not include even the most basic required information, such as a representation that the affiant is the head of the department with control over the information or that she has personally reviewed the material in

---

[1] In raising this argument, Defendants purport to quote from a Nevada Attorney General opinion, but omit significant portions of that quotation without providing an ellipsis or other indication that they are doing so.  *Compare* Docket No. 30 at 3 (purporting to quote Nevada State Attorney General Opinion 83-3) *with*  http://ag.nv.gov/uploadedFiles/agnvgov/Content/Publications/opinions/1983_AGO.pdf  (last  visit February 16, 2017) (providing actual quotation at page 10) *and* Docket No. 31 at 5 (reply brief highlighting omitted portions of quotation).

question. *See* Docket No. 30-1. The affiant does not state conclusively whether the subject information has been shared with others, stating only that it had not been shared "to the best of [her] knowledge." *Id.* Such a representation is especially weak given that it is not clear what role the affiant has in the department at issue or in relation to the custody of the information at issue, other than asserting she is a captain within the Internal Affairs Bureau. *See id.* The affiant provides generalized assertions of harm, and fails to address in any way the impact on such asserted harm if the material is subject to a protective order. *See id.* As a result, the Court rejects Defendants' contention that the internal affairs documents are protected by the official information privilege.[2] The documents at issue shall be produced subject to protections afforded in the stipulated protective order.[3]

## B.   Other Instances of Excessive Force

Defendants next contend that discovery is irrelevant to the extent it seeks material regarding excessive force other than the specific instance of excessive force alleged in this case. Docket No. 30

---

[2] In the past, courts have found procedural deficiencies and noted that such deficiencies doomed the invocation of this privilege, but still continued on to address the substance of the issue. *See, e.g.*, *Walker v. N. Las Vegas Police Dept.*, 2015 WL 8328263, *3 (D. Nev. Dec. 8, 2015); *Carrillo*, 2013 WL 592893, at *3. The Court declines to do so here. LVMPD was the movant in the *Carrillo* case and Defendants' counsel was attorney of record in *Walker*. It was made clear in each of those cases that an invocation of the official privilege fails on this procedural basis alone. *Carrillo*, 2013 WL 592893, at *3; *Walker*, 2015 WL 8328263, at *3; *see also Smith v. Casey*, 2008 WL 2570855, at *5 n.2 (D. Nev. June 24, 2008) ("If the court finds that an insufficient threshold showing has been made for application of the privilege, it will order the disclosure of the material"). Despite clear instructions as to what is required to invoke this privilege and clear warning of the possible consequences for failing to comply, Defendants failed to submit a proper affidavit in this case. Instead, Defendants (or their counsel) cut-and-pasted the generic portions of the affidavit found to be insufficient in *Walker*, and removed the specific discussions relevant to the *Walker* case without replacing them with any additional specific information related to this case. *Compare* Docket No. 30-1 *with Walker*, Case No. 2:14-cv-01475-JAD-NJK, Docket No. 33 at 13-15. Hence, the affidavit in this case is a more bare-bones version of the affidavit already found to be defective in *Walker*. How counsel could believe such a tactic would be fruitful is mind-boggling.

[3] It appears Defendants are also attempting to invoke the deliberative process privilege. *See* Docket No. 30 at 4. Defendants do not meaningfully develop this argument, including most significantly why their argument does not fail for the reasons outlined by this Court previously. *See Walker*, 2015 WL 8328263, at *4. As such, to the extent Defendants contend the deliberative process privilege provides a separate basis for denial of the motion to compel, the Court rejects that argument. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (arguments that are not meaningfully developed need not be considered).

at 5-6. Although the applicable rules were amended in some ways in 2015, relevancy remains a touchstone for determining the proper scope of discovery. *See* Fed. R. Civ. P. 26(b)(1); *see also In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (quoting Rule 26 Advisory Committee Notes (2015)). Moreover, despite the recent amendments to Rule 26, "discovery relevance remains a broad concept" that is to be construed liberally. *Federal Nat'l Mortg. Assoc. v. SFR Investments Pool 1, LLC*, 2016 WL 778368, at *2 n.16 (D. Nev. Feb. 25, 2016).

Plaintiff indicates that the discovery at issue is relevant to his *Monell* claim against LVMPD for its employees acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker. Docket No. 26 at 10. Defendants do not dispute directly that such discovery is relevant to a *Monell* claim. *See* Docket No. 30 at 6. Instead, Defendants argue that the discovery is not relevant because Plaintiff has not already disclosed "evidence tending to show that he has a *Monell* claim at all." *Id.* This argument is not compelling. Although Defendants do not acknowledge it, this is the same argument that the Court rejected in *Walker*[4] when it explained that "[l]ack of evidence is not a valid basis to resist discovery." 2015 WL 8328263, at *2. The Court further explained why that is so:

> Discovery itself is the process which serves as the vehicle for Plaintiffs to obtain the very evidence Defendants contend is lacking. To permit a party to avoid discovery on this basis would lead to the tautology of denying a claim due to lack of evidence because discovery requests—the means of getting that evidence—were denied due to a lack of evidence. Further, to the extent Defendants attack the sufficiency of Plaintiffs' *Monell* claim, the Court finds it inappropriate to rule on the merits of the claim in the context of a discovery dispute.

*Id.* (discussing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Coinstar, Inc.*, 2014 WL 3396124, at *2 (W.D. Wash. July 10, 2014)). The Court has not changed its mind on this basic proposition in the intervening twelve months between issuing that order and the filing of the motion in this case, nor have Defendants even attempted to explain why it should do so. Contrary to Defendants' proclamation, it is not "Plaintiff [who] confuses the purpose of discovery," Docket No. 30 at 6, it is Defendants.

This discovery is relevant and shall be produced.

---

[4] It is literally the same argument, as the briefing was cut-and-pasted and presented in nearly verbatim form. *Compare* Docket No. 30 at 5-6 *with Walker*, Case No. 2:14-cv-01475-JAD-NJK, Docket No. 33 at 3-4.

### C.    Personnel Files

Defendants next argue that the personnel files of Smith and Rader should be protected based on privacy concerns. *See* Docket No. 30 at 6-8.[5]  The Court hereby **ORDERS** Defendants to submit the personnel files to the undersigned's box in the Clerk's Office no later than February 24, 2017.  Once the Court has reviewed the materials *in camera*, it will issue a ruling on this aspect of the motion to compel. *Cf. Walker*, 2015 WL 8328263, at \*5 (reviewing materials *in camera* prior to issuing ruling). Accordingly, the Court **DEFERS** ruling on this aspect of the motion to compel.

### D.    Conclusion

For the reasons outlined above, the motion to compel is **GRANTED** except with respect to the personnel files, which is **DEFERRED** pending review of materials *in camera*.

## II.    SANCTIONS

When a court grants a motion to compel, the victor is entitled to expenses, including attorneys' fees, unless the loser was substantially justified or the imposition of sanctions would be unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Even when the Court grants a motion to compel only in part, it retains discretion to award apportioned expenses.  Fed. R. Civ. P. 37(a)(5)(C).  The losing party has the burden of establishing substantial justification or unjust circumstances. *E.g., Wood v. GEICO Casualty Co.*, 2016 WL 6069928, at \*1 (D. Nev. Oct. 14, 2016) (applying Rule 37(a)(5)(A)); *Aevoe Corp. v. AE Tech. Co., Ltd.*, 2013 WL 5324787, at \*1, 2 (D. Nev. Sept. 20, 2013) (applying Rule 37(a)(5)(C)).

While the Court has deferred ruling on one aspect of the motion to compel, it has granted the motion with respect to the other aspects.  Even assuming the Court ultimately denies the remaining issue, it is clear that at the very least a partial award of attorneys' fees is appropriate.  Defendants have not established substantial justification for their positions with respect to invoking the official information privilege or arguing irrelevancy based on a current lack of evidence.  Accordingly, Plaintiff shall submit

---

[5] Once again, substantial parts of this argument are cribbed from the brief Defendants' counsel filed in *Walker*.  Once again, the brief submitted in this case does not account for the ruling actually issued in *Walker*.  For example, Defendants have again attributed to the Ninth Circuit a quotation that is simply not in the cited opinion. *Compare Walker*, 2015 WL 8328263, at \*5 & n.4. (noting that the briefing misquoted *Breed v. U.S. Dist. Court for N. Dist. of Cal.*, 542 F.2d 1114 (9th Cir. 1976)) *with* Docket No. 30 at 7 (attributing the same quotation to *Breed*).

proper documentation for its attorneys' fees and costs by February 24, 2017.  Defendants may file a

response by March 3, 2017.[6]

       IT IS SO ORDERED.

       DATED: February 17, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[6] The Court is inclined to award expenses against Defendants and their counsel jointly and severally. To the extent any party has a position on that issue, it shall be included in the filings regarding the amount of expenses that should be awarded.