UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES KIESSLING, | Case No. 2:16-cv-00690-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 26) |
| DET. RADER P#6099, et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 26. Defendants filed a response in opposition, and Plaintiff filed a reply. Docket Nos. 30, 31. On February 17, 2017, the Court granted the motion to compel in part and deferred ruling in part. Docket No. 33. In particular, the Court deferred ruling on the parties' dispute regarding production of the personnel files of Defendants Smith and Rader so that the Court could review the subject materials *in camera*. *Id.* at 5. The Court has now conducted that review and, for the reasons discussed more fully below, the motion to compel is **GRANTED** in part and **DENIED** in part as it relates to this final issue.

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed. R. Civ. P. 37(a). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of explaining why discovery

should be denied. *See, e.g.*, *Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to the discovery rules).

Defendants argue that the personnel files of Smith and Rader should be protected based on privacy concerns. *See* Docket No. 30 at 6-8. In considering this objection, the Court applies the same standards and analysis outlined at some length in *Walker v. North Las Vegas Police Department*, 2015 WL 8328263, at *5-6 (D. Nev. Dec. 8, 2015). First, the Court has reviewed the *in camera* submission and finds that two pages of the files contain relevant information. These two pages are Bates stamped "In Camera 279" and "In Camera 280," both of which relate to Defendant Smith. No relevant information was identified with respect to Defendant Rader. Second, the Court balances Plaintiff's need for these two pages against Defendant Smith's privacy interests. In this instance, Plaintiff's need for these two pages is significant, and the invasion of Defendant Smith's privacy interests is relatively limited, particularly given the existence of a stipulated protective order in this case.

Accordingly, the Court concludes that Defendant Smith's privacy interests in the two relevant pages identified above do not outweigh Plaintiff's need to discover those two pages, and that those two pages must be produced by March 31, 2017.[1] The motion to compel as it relates to this issue is therefore **GRANTED** as to these two pages and is otherwise **DENIED**.[2]

IT IS SO ORDERED.

DATED: March 24, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Unless an objection is filed concerning the *in camera* submission, the Court will destroy these documents.

[2] Plaintiff seeks sanctions under Rule 37(a)(5)(A). Docket No. 26 at 12-13. With respect to the dispute regarding personnel files, the Court concludes that sanctions are not appropriate. The Court previously determined that at least a partial award of attorneys' fees is appropriate with respect to the two disputes resolved through the Court's previous order on the motion to compel. Docket No. 33 at 5-6 (finding Defendants failed to establish substantial justification for their positions with respect to those two disputes). The Court will calculate those attorneys' fees through a separate order.