**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES KIESSLING,<br><br>Plaintiff(s),<br><br>vs.<br><br>DET. RADER P#6099, et al.,<br><br>Defendant(s). | Case No. 2:16-cv-00690-GMN-NJK<br><br>ORDER<br><br>(Docket No. 34) |

On December 27, 2017, Plaintiff sought attorneys' fees in conjunction with his motion to compel. Docket No. 26 at 12-13. That motion to compel involved three disputes. On February 17, 2017, the Court granted the motion to compel with respect to two disputes and found that attorneys' fees should be awarded. Docket No. 33. Concurrently herewith, the Court is issuing an order granting in part the remaining aspect of the motion to compel, but declining to award attorneys' fees with respect to that dispute.

Pending before the Court is Plaintiff's motion to calculate attorneys' fees. Docket No. 34. Defendants filed a response in opposition. Docket No. 35. The Court finds the motion properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **ORDERS** Defendants and their counsel to pay Plaintiff attorneys' fees in the amount of $3,761 within 30 days of the issuance of this order.

//

//

## I. ENTITLEMENT TO FEES

The Court has already concluded that Plaintiff is entitled to recover reasonable attorneys' fees in at least some form with respect to the disputes concerning discovery of internal affairs documents and other instances of excessive force. Docket No. 33 at 5-6. Notwithstanding that order, Defendants challenge Plaintiff's entitlement to fees. The Court construes this aspect of the briefing as a motion for reconsideration. Motions for reconsideration are disfavored. Local Rule 59-1(a). Such motions are proper when: (1) there is newly discovered evidence that was not available when the original motion or response was filed; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. *Id.* No such circumstances exist here.

Defendants argue that their positions in opposing the motion to compel were substantially justified. Docket No. 35 at 3-4. Defendants already raised this argument and it was rejected. Docket No. 26 at 12-13; Docket No. 33 at 5-6.[1] Nonetheless, Defendants contend that their positions were substantially justified because they had a good faith belief in those positions. Docket No. 35 at 3-4.[2] The fact that a party might consider its own position reasonable does not establish substantial justification. *See, e.g.*, *Wood v. GEICO Casualty Co.*, 2016 WL 6069928, at *2 (D. Nev. Oct. 14, 2016) (quoting *Flonnes v. Prop. & Cas. Co. of Hartford*, 2012 WL 3730533, at *2 (D. Nev. Sept. 25, 2013)). Defendants' attestation does not alter the Court's earlier conclusion that they had not shown substantial justification and that sanctions are appropriate.

In short, the Court finds no reason to reconsider its position that an award of attorneys' fees is proper with respect to the disputes concerning discovery of internal affairs documents and other instances of excessive force.

---

[1] Defendants appear to suggest that they were not provided an opportunity to be heard on sanctions. Docket No. 35 at 3. As evidenced by the fact that Defendants actually briefed this issue in opposing the motion to compel, Docket No. 30 at 8, any such suggestion lacks merit.

[2] Defendants now focus largely on "the clear overbreadth of Request No. 14." Docket No. 35 at 4. Defendants' response to the motion to compel did not make this argument and, instead, Defendants argued that Request No. 14 sought irrelevant information because Plaintiff had not already presented existing evidence to support his claim. Docket No. 30 at 5-6. Parties are not permitted to seek reconsideration based on arguments that could have been presented previously. *See, e.g., Kona Enterps. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Court will not engage in an after-the-fact evaluation of such arguments.

## II. APPORTIONMENT

When a motion to compel is not granted in full, the Court may apportion the expenses that are recoverable. Fed. R. Civ. P. 37(a)(5)(C). The motion to compel in this case raised three disputes. For the disputes concerning discovery of internal affairs documents and other instances of excessive force, Plaintiff prevailed and Defendants' positions were not substantially justified. For the personnel file dispute, the Court granted the motion to compel only in part and found that attorneys' fees were not appropriate as to that dispute. Defendant therefore argues that any award of attorneys' fees should be apportioned to deduct time expended by counsel with respect to this last dispute. Docket No. 35 at 7. Given these circumstances, the Court agrees that the fee award should be apportioned and will apportion the time expended on the motion to compel and reply by reducing them by 33%.[3]

## III. LODESTAR

Reasonable attorneys' fees are generally calculated using the traditional "lodestar" method. *See, e.g.*, *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).[4]

### A. REASONABLE HOURS

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g., Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir.

---

[3] To be clear, the Court is not apportioning the hours expended with respect to the motion for calculation of attorneys' fees.

[4] Adjustments to the lodestar are proper in only "rare and exceptional cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). A departure from the lodestar is not warranted in this case.

2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho*, 523 F.3d at 978. In reviewing the hours claimed, the Court may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary. *See, e.g.*, *Hensley*, 461 U.S. at 433.

With respect to attorneys' fees arising out of a motion to compel discovery, recoverable fees include those "incurred in making the motion [to compel]." Fed. R. Civ. P. 37(a)(5)(A). In addition, the movant may also recover "fees on fees" for the time expended in filing a motion for attorneys' fees. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *7 (D. Nev. Sept. 20, 2013) (collecting cases). In making the determination of the reasonableness of hours expended on such motions, "the Court considers factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." *See, e.g.*, *Marrocco*, 291 F.R.D. at 588.

Plaintiff seeks to recover for roughly 14 hours for preparing the motion to compel, roughly 14 hours for preparing the reply, and roughly 14 hours for preparing the pending motion to calculate attorneys' fees. *See* Docket No. 34-1 at 4-5. The vast majority of these hours reflect time expended by associate attorney Kory Kaplan, with less time expended by supervising attorney Paola Armeni. *See id.* Defendants argue that the time expended was excessive and should not all be recoverable. *See, e.g.*, Docket No. 35 at 5, 8.

Having reviewed the record in light of the factors identified above, the Court finds that the following are the hours reasonably expended in this matter: (1) motion to compel: 7 hours, Mr. Kaplan; 2 hours, Ms. Armeni; (2) reply: 6 hours, Mr. Kaplan; 0.6 hours, Ms. Armeni; (3) motion for calculation of attorneys' fees: 6 hours, Mr. Kaplan; 0.6 hours, Ms. Armeni. Taking into account the 33% apportionment outlined above with respect to the motion to compel and the reply, the Court will calculate the lodestar using 14.71 hours for Mr. Kaplan and 2.34 hours for Ms. Armeni.

<u>B.</u> <u>HOURLY RATES</u>

Having determined the hours reasonably expended by counsel, the Court turns to the hourly rate with which to calculate the lodestar. The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform

and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

In this case, Plaintiff seeks an hourly rate of $450 for Ms. Armeni, an attorney with 14 years of experience. *E.g.*, Docket No. 34 at 4. Plaintiff seeks an hourly rate of $250 for Mr. Kaplan, an attorney with three to four years of experience. *E.g.*, *id.* at 5. Plaintiff's counsel's declaration attests to biographical information for these two attorneys, including their education and some of their accomplishments. *E.g., id.* at 4-5. Defendants argue that the hourly rates sought are excessive. *See, e.g.*, Docket No. 35 at 6-7.

The Court declines to calculate the lodestar at these requested rates. There is ample case law establishing that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates. *See, e.g.*, *Sinayan v. Luxury Suites Int'l, LLC*, 2016 WL 4394484, *4 & n.4 (D. Nev. Aug. 17, 2016) (Navarro, C.J.) (collecting cases). In this case, the Court finds an appropriate hourly rate for Ms. Armeni to be $350. *Cf. Walker v. N. Las Vegas Police Dept.*, 2016 WL 3536172, at *2 (D. Nev. June 27, 2016). The Court finds an appropriate hourly rate for Mr. Kaplan to be $200. *Cf. Hassasan LV, LLC v. Adamcyzk*, 2016 WL 2844045, at *4 (D. Nev. Mar. 28, 2016), *adopted*, 2016 WL 2731671 (D. Nev. May 9, 2016) (Navarro, C.J.).

C. CALCULATION

As established above, the Court finds that Plaintiff should recover attorneys' fees for 14.71 hours for Mr. Kaplan and 2.34 hours for Ms. Armeni, at hourly rates of $200 and $350, respectively. As such, the Court awards attorneys' fees in the amount of $3,761.

## IV. PARTY RESPONSIBLE TO PAY SANCTION

Sanctions pursuant to Rule 37(a)(5) may be issued against a party, a party's attorney, or both. *See* Rule 37(a)(5) (allowing for recovery of expenses, including attorneys' fees, against "the party or attorney advising that conduct, or both"). Hence, the Court has the authority to award fees under Rule 37 against a party and counsel jointly and severally. *See, e.g.*, *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988). Awarding sanctions against a party and counsel jointly and severally is appropriate where it is unclear from the record which is less blameworthy than the other. *See Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 338 (D. Nev. 2016) (collecting cases); *see also Herb Reed Enterps., Inc. v. Monroe Powell's Platters, LLC*, 2013 WL 3729720, at *10 (D. Nev. July 11, 2013), *affirmed*, 2013 WL 5278518 (D. Nev. Sept. 13, 2017).

The Court previously indicated that it was inclined to award expenses against Defendants and their counsel jointly and severally, based on the Court's review of the record. Docket No. 33 at 6 n.6. Neither party has expressed an opinion on this issue.[5] Based on the record, the Court will impose the sanctions ordered herein jointly and severally.

## V. CONCLUSION

For the reasons discussed above, the Court **ORDERS** Defendants and their counsel to pay Plaintiff attorneys' fees in the amount of $3,761 within 30 days of the issuance of this order.

IT IS SO ORDERED.

DATED: March 24, 2017

NANCY J. KOPPE
United States Magistrate Judge

---

[5] Defendants fault the Court for asking them to indicate their respective responsibility. *See* Docket No. 35 at 9. The Court's order gave the parties an opportunity to express an opinion, it did not require them to do so. *See* Docket No. 33 at 6 n.6.