UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES KIESSLING,

          Plaintiff,

vs.

DET. RADER P#6099, et al.,

          Defendants.

Case No.: 2:16-cv-0690-GMN-NJK

**ORDER**

Pending before the Court are Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Detective Rader ("Det. Rader"), and Lieutenant Smith's ("Lt. Smith's") (collectively "Defendants'") Objections, (ECF Nos. 36, 43, 46), to the Honorable Magistrate Judge Koppe's Orders, (ECF Nos. 33, 38, 39). Plaintiff James Kiessling ("Plaintiff") filed Responses, (ECF Nos. 37, 47, 50), to Defendants' Objections. Additionally pending before the Court is Plaintiff's Objection, (ECF No. 45), to Judge Koppe's Order, (ECF No. 39),[1] to which Defendants filed a Response, (ECF No. 51).

I. **BACKGROUND**

This case arises from an incident on May 25, 2014, involving an argument between Plaintiff and his ex-wife during a custody exchange. (*See* Compl. ¶¶ 14–18, ECF No. 1). Plaintiff alleges that the incident resulted in the excessive use of force against him by Defendants Dt. Rader and Lt. Smith. (*See id.* ¶¶ 56–63). In addition to the claims for relief

---

[1] Plaintiff's Objection, (ECF No. 45), states that it is filed in response to Judge Koppe's Order, (ECF No. 38), in which the Court compelled production of two pages from a personnel file. Based on Plaintiff's argument, it appears as though he is objecting to a different Order, (ECF No. 39), that was issued on the same day and decided the awarded amount for attorneys' fees. Therefore, the Court interprets Plaintiff's Motion, (ECF No. 45), as an objection to the Court's Order, (ECF No. 39).

against Dt. Rader and Lt. Smith, Plaintiff alleges a violation of 42 U.S.C. § 1983 against LVMPD for negligent training, supervision, and retention. (*See id*. ¶¶ 64–70).

On December 27, 2017, Plaintiff filed a Motion to Compel requesting discovery in three areas: internal affairs discovery, other instances of excessive force, and personnel files. (*See* Mot. to Compel, ECF No. 26). In conjunction with these discovery requests, Plaintiff sought attorneys' fees. (*Id*. at 12–13). Judge Koppe granted the Motion to Compel with respect to the internal affairs discovery as well as other instances of excessive force, and found that attorneys' fees should be awarded. (*See* Order 5:9–10, 5:20–21, ECF No. 33). Judge Koppe, however, deferred ruling on the personnel files pending review of the documents *in camera*. (*See id*. 5:9–10). After reviewing the personnel files, Judge Koppe ordered the production of two pages in particular and declined to award sanctions with respect to the dispute regarding the personnel files. (*See* Order 2:13–28, ECF No. 38).

On February 24, 2017, Plaintiff filed a Motion to calculate attorneys' fees, seeking $11,860.00 for the preparation of the Motion to Compel, the corresponding Reply, and the Motion for Attorneys' Fees. (*See* Motion for Attorneys' Fees 3:2–3, 3:27–28, ECF No. 34). Consequently, Judge Koppe ordered that Defendants pay attorneys' fees in the amount of $3,761.00 within thirty days of the issuance of the Order. (*See* Order 6:17–18, ECF No. 39).

Thereafter, Defendants filed the instant three Objections to Judge Koppe's Orders where Defendants request that the Court's ruling on the Motion to Compel, which ordered the production of the internal affairs discovery, other instances of excessive force, and two pages of personnel files, be reversed or modified. (*See* Objections, ECF Nos. 36, 43). Additionally, Defendants request that the Order granting attorneys' fees be reversed. (*See* Obj. 5:11–12, ECF No. 46).

On April 7, 2017, Plaintiff filed his instant Objection to the amount of attorneys' fees awarded, requesting that the Order be modified and the fees recalculated. (*See* Obj. 8:6–10, ECF No. 45).

II. **LEGAL STANDARD**

When reviewing the order of a magistrate judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14–cv–00224–RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

III. **DISCUSSION**

**A. Defendants' First Objection (ECF No. 36)**

In Defendants' First Objection, Defendants seek reversal or modification of Judge Koppe's Order compelling the internal affairs and other instances of excessive force discovery. (Obj. 14:8–9, ECF No. 36). Defendants argue that "[o]n the whole of the record, Defendants believe that the magistrate [sic] findings misapply the law regarding the official information privilege, fail to apply the law regarding the deliberate process privilege, and create a mistake

in demanding production of the [Internal Affairs Bureau ("IAB")] investigation and findings." (*Id*. 9:15–18). Defendants claim that Judge Koppe "fails to actually evaluate the motion to compel under Fed. R. Civ. P. 26(b)(1)." (*Id*. 11:2). Additionally, Defendants argue that the "Court's order does not even consider Fed. R. Civ. P. 26(b)(2)(C)" based on the "lack of specification in Plaintiff's request" that was granted. (*Id*. 12:16–17). Lastly, Defendants aver that it would be contrary to law to allow the sanctions to stand. (*Id*. 13:7–8).

In her Order, Judge Koppe explains that "[i]f the court finds that an insufficient threshold showing has been made for application of the [official information privilege], it will order the disclosure of the material." (Order 3:17–20, ECF No. 33). Judge Koppe determined there was an insufficient threshold showing because the affidavit was "bare-bones" and did not meet the necessary requirements adopted by the District of Nevada. (*Id*. 3:22); *see Carrillo v. Las Vegas Metro. Police Dep't*, No. 2:10-cv-02122-KJD-GWF, 2013 WL 592893, at *3 (D. Nev. Feb. 14, 2013); *see also Walker v. N. Las Vegas Police Dep't*, No. 2:14-cv-01475-JAD-NJK, 2015 WL 8328263, at *3 (D. Nev. Dec. 8, 2015).

The Court finds that nothing in Defendants' First Objection gives rise to a "definite and firm conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395. Defendants provide no binding authority to suggest that Judge Koppe has misapplied the law in regards to the official information privilege. Thus, Defendants' first argument fails.

In regards to the deliberate process privilege, Defendants claim that Judge Koppe's Order discards analysis of the deliberate process privilege entirely by not providing analysis under *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973). (Obj. 8:11–13, ECF No. 36). This claim is inaccurate. Judge Koppe considered the argument and explained that "Defendants do not meaningfully develop this argument, including most significantly why their argument does not fail for the reasons outlined by this Court previously [in *Walker*]." (Order 3:24–28, ECF No. 33); *see Walker*, 2015 WL 8328263 at *4 (finding that on balance, the

relevant *Frankenhauser* factors favor disclosure). Moreover, Judge Koppe stated that "to the extent Defendants contend the deliberative process privilege provides a separate basis for denial of the motion to compel, the Court rejects that argument." (*Id*.).

The Court finds that Judge Koppe did not fail to apply the law. Indeed, Defendants failed to provide a persuasive argument and also failed to convince the Court that the *Frankenhauser* factors disfavor disclosure. Judge Koppe's determination is not contrary to law or clearly erroneous, and therefore, the Order to produce the internal affairs documents was proper.

Defendants additionally object under Federal Rule of Civil Procedure ("FRCP") 26(b) concerning relevance and specificity of the requested discovery. (*See* Obj. at 10–12, ECF No. 36). The Court finds, however, that Judge Koppe did evaluate the Motion to Compel under FRCP 26(b)(1). Specifically, Judge Koppe determined that the "discovery is relevant and shall be produced" because Defendants' argument that Plaintiff had not disclosed evidence showing that he has a valid *Monell* claim was not compelling, given that a "[l]ack of evidence is not a valid basis to resist discovery." (*Id*. 4:9–24); *see Walker*, 2015 WL 8328263, at *2.

Moreover, Defendants argue proportionality and harm to the producing party as a result of the alleged overbroad discovery request, but Defendants failed to present these arguments in their opposition to the Motion to Compel. (*See* Resp. to Mot. to Compel 5:20–6:28, ECF No. 30). Defendants had the burden of showing that discovery should not be permitted, and Defendants also had the burden of clarifying, explaining, and supporting their objections with competent evidence in their opposition to the Motion to Compel. *See Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir.1975) (holding that the party opposing discovery is "required to carry a heavy burden of showing" why discovery should be denied). The appropriate time to raise these additional arguments has passed as Defendants should have raised these arguments

before Judge Koppe. Consequently, these claims do not convince the Court that the Order is incorrect because these arguments were not previously presented to Judge Koppe for analysis.

Lastly, the Court rejects Defendants' claim that sanctions were issued contrary to law. Judge Koppe found that Defendants were not "substantially justified" in withholding the discovery documents, and thus, sanctions were issued properly under FRCP 37. *See* Fed. R. Civ. P. 37(a)(5)(A). For these reasons, Defendants' First Objection, (ECF No. 36), is overruled.

**B. Defendants' Second Objection (ECF No. 43)**

In Defendants' Second Objection, Defendants request that the Court reverse Judge Koppe's decision to compel two pages from Lt. Smith's personnel file. (Obj. 7:7–10, ECF No. 43); (*see* Order, ECF No. 38). Defendants claim Judge Koppe's Order "ignores the *Segura* findings directly on point and should be reversed." (*Id*. 5:5); *see Segura v. City of Reno*, 116 F.R.D. 42, 44 (D. Nev. 1987). Additionally, Defendants argue that there was "no analysis of the facts of the case or balance of the needs and interests of the parties." (*Id*. 5:23–24).

In *Segura*, Chief Judge Reed performed an *in camera* review and found that the personnel files "of previous incidents in which the defendants were accused of excessive use of force" were not discoverable because they did not display that "the policy and practice of the Reno Police to fail to train and supervise their officers adequately." *Segura*, 116 F.R.D. at 44. Chief Judge Reed came to this conclusion based on the fact that all of the incidents of excessive force had been disciplined, and therefore the documents were not reasonably calculated to lead to admissible evidence where there were no allegations of failing to supervise. *Id*.; *see* Fed. R. Civ. P. 26(b).

*Segura* does not render Judge Koppe's ruling clearly erroneous or contrary to law because the *Segura* court's decision that the personnel files were not discoverable was based on a finding of fact. *See Miller v. Sanilac Cty*., No. 2:07-cv-14965, 2008 WL 2546645, at *1 (E.D.

Mich. June 19, 2008) ("The *Segura* court made what must be described as a finding of fact that the general supervision and training was done adequately."). Like the *Segura* court, Judge Koppe performed an *in camera* review of the documents; however, here, Judge Koppe found that the two pages from the personnel file are relevant and should be disclosed. Furthermore, although arising from this District, the decision in *Segura* is not binding on this Court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted). The Court therefore finds that Defendants failed to argue how Judge Koppe's Order is clearly erroneous or contrary to law regarding the personnel file.

Additionally, contrary to Defendants' claim that the Court failed to balance the needs and interests of the parties, Judge Koppe explicitly states that "the Court balances Plaintiff's need for these two pages against [Lt.] Smith's privacy interests. In this instance, Plaintiff's need for these two pages is significant, and the invasion of [Lt.] Smith's privacy interests is relatively limited, particularly given the existence of a stipulated protective order in this case." (Order 2:9–12, ECF No. 38). Moreover, the Court agrees with Plaintiff that if the information contained in the two pages has been previously disclosed in testimony, as Defendants claim, then "Defendants risk no privacy concerns by disclosing the information." (Resp. 4:15–19, ECF No. 47). Accordingly, the Court holds that Defendants' Second Objection is insufficient to lead the Court to conclude that Judge Koppe's Order is clearly erroneous and contrary to law and is thus overruled.

**C. Defendants' Third Objection (ECF No. 46)**

In Defendants' Third Objection, Defendants object to Judge Koppe's decision to issue sanctions on the basis that they "had more than a 'good faith belief' in their objections; they have supporting case law and significant public interests to protect in asserting their positions

for withholding information as argued in their opposition to the motion to compel[.]" (Obj. 2:2–4, ECF No. 46). Additionally, Defendants claim they "were prevented from addressing their burden to establish substantial justification or unjust circumstances that would negate an award of sanctions as is required under the law." (*Id*. 2:9–10).

When a court grants a motion to compel, the victor is entitled to expenses—including attorneys' fees—unless the loser was substantially justified or the imposition of sanctions would be unjust. Fed. R. Civ. P. 37(a)(5)(A). "The district court has great latitude in imposing sanctions under Fed. R. Civ. P. 37." *Lew v. Kona Hosp*., 754 F.2d 1420, 1425 (9th Cir. 1985). Here, Judge Koppe found that "Defendants have not established substantial justification for their positions with respect to invoking the official information privilege or arguing irrelevancy based on a current lack of evidence." (Order 5:21–23, ECF No. 33). The Court agrees with Plaintiff in that Defendants "utilize the instant Objection as an opportunity to relitigate the substance of the official information privilege and the deliberative process privilege, which have already been determined to be procedurally defective." (Resp. 5:7–9, ECF No. 50).

Defendants' Third Objection fails to raise any new arguments to cast doubt on Judge Koppe's determination to award sanctions. As stated in Judge Koppe's Order, "[t]he fact that a party might consider its own position reasonable does not establish substantial justification. *See, e.g.*, *Wood v. GEICO Casualty Co.*, 2016 WL 6069928, at *2 (D. Nev. Oct. 14, 2016) (quoting *Flonnes v. Prop. & Cas. Co. of Hartford*, 2012 WL 3730533, at *2 (D. Nev. Sept. 25, 2013)." (Order 2:14–16, ECF No. 39). Additionally, Judge Koppe correctly points out that Defendants' suggestion that "they were not provided an opportunity to be heard on sanctions . . . lacks merit" because Defendants briefed the issue in their Response to Plaintiff's Motion to Compel. (Order 2:22–24, ECF No. 39); (*see* Resp. at 8, ECF No. 30). The Court, therefore, finds no basis to set aside Judge Koppe's ruling. For these reasons, Defendants' Third Objection is overruled.

### D. Plaintiff's Objection (ECF No. 45)

Plaintiff requests that Judge Koppe's Order be "modified to allow for the current hourly rates of $450 for counsel Armeni and $250 for counsel Kaplan" and amended to "reduce at most the reasonable hours employed by the 'haircut' of 10%." (Pl.'s Obj. 8:6–9, ECF No. 45). Specifically, Plaintiff asserts two objections. First, Plaintiff claims that "[w]ithout specificity to justify such a shocking reduction in hours . . . it is unreasonable that [Plaintiff's] attorneys' fees were slashed so significantly" because, according to Plaintiff, Judge Koppe's decision went "beyond the discretionary 10% 'haircut' the Ninth Circuit has found appropriate." (*Id*. 6:12–16). Second, Plaintiff objects on the basis that Judge Koppe allegedly improperly established an upper range of rates because the "Ninth Circuit has discouraged the adoption of such a court-wide policy relating to fees – even an informal one." (*Id*. 6:21–23)*; see Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008).

The Court finds, however, that Judge Koppe's Order should not be set aside because Plaintiff's Objection does not generate a firm conviction that a mistake has been committed. *See U.S. Gypsum Co*., 333 U.S. 364 at 395. The reasonableness of hours expended depends on the specific circumstances of each case. *See Camacho v. Bridgeport Fin'l, Inc*., 523 F.3d 973, 978 (9th Cir. 2008). When it comes to determining reasonable hours, "it remains important for the district court to provide an adequate explanation of the reasons for its award and the manner in which that award was determined." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1213 (9th Cir. 1986), *opinion amended on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987). The Court has discretion to make a reduction in fees, but a substantial cut requires that the district court articulate its reasoning with specificity. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("Plaintiff's counsel had already cut her fees by 9 percent, so an additional 25 percent cut would amount to almost one third. The court has discretion to make such an adjustment, but we cannot sustain a cut that substantial unless the district court articulates its

reasoning with more specificity."). The explanation does not need to be elaborate, however, it must be clear. *Id*.

The Court finds that Judge Koppe provides an adequate explanation in stating that she reviewed the record in light of the "factors such as the complexity of the issues raised, the need to review the record and pleadings, and the need to conduct legal research, in addition to the length of the briefing." (Order 4:10–12, 4:19–20, ECF No. 39). Further, Judge Koppe clearly explains the distribution of hours for each attorney with respect to their work product and calculates "the lodestar using 14.71 hours for Mr. Kaplan and 2.34 hours for Ms. Armeni," while taking into account the thirty-three percent apportionment with respect to the Motion to Compel and its Reply. (*Id*. 4:19–24). Based on the hours allotted in the calculation, it is clear which fees Judge Koppe thought were duplicative. Accordingly, Plaintiff's first objection is overruled.

Additionally, Plaintiff's second objection fails to persuade the Court that the Order is contrary to law or clearly erroneous. "District judges can certainly consider the fees awarded by other judges in the same locality in similar cases. But adopting a court-wide policy—even an informal one—of 'holding the line' on fees at a certain level goes well beyond the discretion of the district court." *Moreno*, 534 F.3d at 1115. Here, Judge Koppe notes that "[t]here is ample case law establishing that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates." (Order 5:16–18). Judge Koppe is simply taking into consideration the upper range of fees awarded in this District to determine an appropriate rate—she is not "holding the line" or creating a fee maximum. Plaintiffs are essentially asking the district court judge to substitute its judgment for that of the magistrate judge which is inappropriate. *See Grimes*, 951 F.2d at 241 (9th Cir. 1991). The Court finds that Judge Koppe's discretion has not been abused. *See Columbia Pictures*, 245 F.R.D. at 446.

Therefore, Plaintiff's second objection is overruled, and the attorneys' fees calculated by Judge Koppe will remain unaltered.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Objections, (ECF Nos. 36, 43, 46), are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Objection, (ECF No. 45), is **OVERRULED**.

**DATED** this __20__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court